No. 655.

SUCCESSION OF E. P. OVERBY. FINAL ACCOUNT OF PUBLIC ADMINISTRATOR.
OPPOSITION OF E. D. DUCKWORTH.

The motion filed on the trial of this suit to dismiss the opposition on the ground
that the account of the public administrator had been homologated, and the op-
position had been dismissed, can not be maintained. It is sufficient to say that the
judgment dismissing the opposition and homologating the account was ap-
pealed from, and reversed by this court.

As to the other point, that the term of the office of the public administrator had ex-
pired, it is equally untenable. It is repugnant to reason and to justice to sup-
pose, that one who administers a succession by virtue of his office of public
administrator, can escape responsibility for his maladministration, because he
no longer holds the office of public administrator; and whether or not his suc-
cessor in the office of public administrator should have been a party to this suit,
as prayed for by opponent, it is clear that Vaughn, the former administrator,
was before the court for all the purposes of this suit.

The judge a quo erred in permitting the filing of an answer to the opposition by
another creditor, and after the case had been fixed for trial. Replications are
not allowed in pleading in this State. The opposition is in the nature of an an-
swer, and no answer to that should have been allowed, much less by another
creditor, and after the case had been fixed for trial.

APPEAL from the Parish Court, parish of Morehouse. *Wheeler*, J.
*Todd & Brigham*, for Duckworth, opponent and appellee. *L. G.
Parsons*, for administrator, appellant. *D. C. Morgan*, for Taylor and
Churchill, creditors and opponents.

LUDELING, C. J. In 1865 or 1866, H. Overby was appointed administra-
tor of the succession of E. P. Overby. The property of the estate was
inventoried at $12,469 59, forty-one hundred dollars whereof was the ap-
praised value of the real estate, and the remainder was the appraised
value of notes and personal property.

In 1868 or 1869, H. Overby filed a provisional account. In 1869 H.
Overby died. The records of this succession were destroyed by fire. In
1870, W. H. Vaughn, public administrator, was appointed administrator
of said succession. He caused a new inventory to be made, the inven-
tory previously made having been destroyed. In this inventory the
lands were appraised at $6555 53, and besides the lands there figured on
the inventory only the following assets: A rent note for $325 25 and a
note for $225, appraised at their face value; a note for $210, not ap-
praised, and a claim against the former administrator, H. Overby, the
amount whereof was not stated, and it was not appraised. Shortly after
his appointment the public administrator obtained an order to sell prop-
erty to pay debts. The order is as follows: "Let the prayer of the fore-
going petition be granted, and it is ordered that the sheriff of the parish
of Morehouse, after due and legal advertisement, proceed to sell, at the
court-house door, in said parish, in accordance with articles 990 and 991
of the Code of Practice, all the property belonging to said succession,

consisting of land, shown by and described in the inventory thereof, and due return make."

The public administrator caused the lands to be sold under this order, and also the claim of the succession against H. Overby, the former administrator. This claim was adjudicated for $116.

On the first of June, 1872, Vaughn, public administrator, filed his account, which was opposed by E. D. Duckworth, on the following grounds: That the opponent was a creditor of the estate for $1050, with interests and costs, but was not placed on the account and tableau; that the administrator should be charged with the amount due by the former administrator, H. Overby, to the succession; that he should have collected this debt, and was never authorized to sell it, and the sale is null and void. And he opposed all the claims allowed and placed on the tableau as unjust, and pleaded prescription against them.

On the trial of this suit a motion was filed to dismiss the opposition on the grounds that the account of the public administrator had been homologated, and this opposition had been dismissed, and that the term of the office of the public administrator had expired. It is sufficient to say that the judgment dismissing the opposition of Duckworth and homologating the account was appealed from, and this court reversed said judgment.

On the second point, we will remark it is repugnant to reason and to justice to suppose, that one who administers a succession by virtue of his office of public administrator can escape responsibility for his maladministration because he no longer holds the office of public administrator. And whether or not Schardt, his successor in the office of public administrator, should have been made a party to this suit, as prayed for by opponent, it is clear Vaughn, for all the purposes of this suit, was properly before the court. C. C. 1195.

On the trial two bills of exceptions were taken. The first was to the ruling of the court permitting the filing of an answer to the opposition by another creditor, and after the case had been fixed for trial. Replications are not allowed in pleading in this State. The opposition is in the nature of an answer, and no answer to that should have been allowed, much less by another creditor, and after the case had been fixed for trial. The objections urged to the evidence received in the second bill of exceptions go to its effect rather than to its reception.

On the merits, the judgment in favor of the opponent and against Vaughn, the public administrator, for the amount of his debt, is clearly correct. For the credit of the administration of justice in this State, we trust that there is no parallel case to this in its annals.

This record shows that the succession was opened in 1866, that the property was inventoried at $12,469, of which upward of eight thousand

dollars consisted chiefly in chirographic and mortgage notes, and the balance in real estate, which was sold in 1871 for $6555 53; that during one year the property rented for fourteen hundred dollars, during another year for one thousand dollars, and during about two years the administrator, H. Overby, cultivated it for his own advantage; that before his death, in 1869, H. Overby filed a provisional account, which showed that he had in his hands about four thousand dollars which he had collected, and that he had paid no debts of the estate, or only to a very small amount, if any; that the public administrator, shortly after his appointment, caused the lands to be sold to pay debts, which consisted exclusively of the widow's claim under the homestead law, law charges, attorney's fees, taxes, and commissions, with the solitary exception of a debt in favor of Taylor & Churchill for less than $1041 and interest, and that the entire proceeds of the sale, $7106 53, were absorbed in paying said charges and debts. The record shows that no effort was made to collect from the former administrator the amounts collected by him, or for which he was responsible, notwithstanding his own attorney, who had also been the attorney for the former administrator, testified in this case that the provisional account filed by Overby showed he was indebted to the estate upward of four thousand dollars, and the inventory and other evidence in this record shows he was accountable for a much larger sum than that, and that his bond was perfectly good. The record further shows that he caused to be sold, without any authority, this claim against the administrator for the paltry sum of $116, without any order of court or appraisement. Such dereliction of duty can not be countenanced by courts of justice.

It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.